Justin Cilenti, Esq.
Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YOVANNY HIDALGO, *on behalf of himself and others similarly situated,* | Case No.: 22 CV 10668 |
| Plaintiff, | **COMPLAINT in an FLSA ACTION** |
| -against- | |
| TORTI FOOD CORP., *doing business as* MIRADOR RESTAURANT, *and* DEMETRIA CHAPMAN, *individually,* | ECF Case |
| | Jury Trial Demand |
| Defendants. | |

Plaintiff, Yovanny Hidalgo ("Plaintiff"), on behalf of himself, and others similarly situated, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Torti Food Corp., *doing business as* Mirador Restaurant, (herein, "Mirador Restaurant"); or any predecessor, successor or related business entity doing business as Mirador Restaurant, located at 44 West Kingsbridge Road, Bronx, New York 10468; and Demetria Chapman, individually (defendants collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid

wages, minimum wages and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) unpaid "spread of hours" premiums for each day he worked more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and, 1337, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

### *THE PLAINTIFF*

5. Plaintiff is an adult resident of Bronx County, in the City of New York.

6. Plaintiff was an employee of Torti Food Corp., *doing business as* Mirador Restaurant, in Bronx County, New York, beginning in November 2021, and ending on or about December 9, 2022, without interruption.

### *THE DEFENDANTS*

7. At all relevant times, Defendant, Torti Food Corp., was and is a domestic business entity organized and existing under the laws of the State of New York, doing business as Mirador Restaurant, located at 44 West Kingsbridge Road in Bronx County, New York City and State.

8. Defendant Demetria Chapman is an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendant, who actively participated, and continues to participate in the day-to-day operations of the corporate defendant, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Mirador Restaurant.

9. The individual defendant Demetria Chapman, exercised control over the terms and conditions of Plaintiff's, and other similarly situated employees', employment, in that she had and has the power and authority to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of her employees, including Plaintiff, and (v) otherwise affect the quality of her employees' employment.

10. Defendant, Demetria Chapman, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are to receive, and the method and manner by which the employees are paid. She is present in the restaurant and personally directed Plaintiff and other similarly situated workers.

11. Defendant Demetria Chapman prepares the payroll on a weekly basis, and she or her accountant distributes it to the kitchen workers, including Plaintiff.

12. At all relevant times, defendant, Demetria Chapman, had the power to, and did in fact, set the rate of pay of Plaintiff and other similarly situated employees.

13. Defendant Demetria Chapman exercised sufficient control over Mirador Restaurant's day-to-day operations as to be considered an employer of Plaintiff, and

approximately twenty (20) others similarly situated non-exempt employees, at any given time, under the FLSA and New York Labor Law.

14. Upon information and belief, at all times relevant to the allegations in this Complaint, the defendant, Torti Food Corp. *dba* Mirador Restaurant, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce; and (ii) has and has had an annual gross volume of sales of not less than $500,000.

15. At all relevant times, Mirador Restaurant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At relevant times, Defendant Mirador Restaurant has had an annual gross volume of sales in excess of $500,000.

17. Defendants employed Plaintiff in Bronx County, New York, to work as non-exempt delivery person and general helper, at Defendants' restaurant known as "Mirador Restaurant".

18. At relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

19. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

20. Defendants knowingly and willfully failed to pay lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

4

21. Defendants withheld from Plaintiff and refused to pay his final week's pay because he refused to sign a document purportedly releasing his employer from potential claims.

22. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

23. At all relevant times, Defendants paid Plaintiff below the applicable minimum wage in the State of New York.

24. Defendants employed Plaintiff in Bronx County, New York, as a delivery person, and general helper, at a restaurant owned and operated by the corporate and individual defendants.

25. The work performed by Plaintiff was directly essential to the restaurant business operated by the corporate and individual Defendants.

## STATEMENT OF FACTS

26. Plaintiff, Yovanny Hidalgo, was employed by Defendants in Bronx County, New York, as a delivery person and general helper, at Defendants' restaurant known as "Mirador", beginning in November 2021, through December 9, 2022, without interruption.

27. During his employment, Plaintiff Yovanny Hidalgo, worked well over forty (40) hours per week.

28. During his employment, Yovanny Hidalgo, worked six (6) days per week.

29. During his employment, Plaintiff's schedule varied but he generally worked between eight (8) and fourteen (14) hours per day, and approximately sixty (60) or more hours per week.

30. Plaintiff worked sixty (60) or more hours per week, and was always paid twelve dollars and fifty cents ($12.50) per hour, for all hours worked.

31. Plaintiff was not paid an overtime premium for the hours he worked in excess of forty (40) hours per week. He was paid straight time.

32. Defendants refused to pay Plaintiff any wages for the last week of his employment.

33. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

34. Plaintiff was never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit".

35. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, and other similarly situated employees, for work performed over forty (40) hours in a workweek.

36. Plaintiff was paid entirely in cash.

37. At all relevant times, Plaintiff was paid twelve dollars and fifty cents ($12.50) per hour, for all hours worked. "Overtime" was paid at the same hourly rate of pay, below the applicable minimum wage.

38. Work performed above forty (40) hours per week was not paid at time and one-half the applicable minimum wage as required by state and federal law.

39. Plaintiff and other similarly situated employees were not provided with a true and accurate accounting of their hours and pay.

40. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff wages for all hours worked; minimum wages; or overtime (of time and one-

half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

41. Plaintiff was paid using two (2) weekly time clock summaries to avoid paying him overtime premium pay.

42. Plaintiff was not paid overtime compensation.

43. Defendants used a facial recognition device to record Plaintiff's start time, end time, and breaks, and reported his hours on two (2) statements each week.

44. Plaintiff worked in excess of forty (40) hours per week but was not paid at time and one-half the minimum rate of pay as required by state and federal law.

45. Plaintiff was not provided with an accurate weekly wage statement.

46. Plaintiff was not given an accurate accounting of his weekly hours and pay.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

47. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "46" of this Complaint as if fully set forth herein.

48. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49. At all relevant times, Defendants employed Plaintiff and other similarly situated employees, within the meaning of the FLSA.

50. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

51. Plaintiff worked hours for which he was not paid any wages.

52. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

53. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half, for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiff.

54. The Defendants failed to pay Plaintiff wages for all hours worked, minimum wages, and overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

55. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay the minimum wage and overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

56. The Defendants have failed to make, keep and preserve accurate records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment, in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

57. Records concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff may be false or inaccurate.

58. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

59. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

60. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

61. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

62. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "61" of this Complaint as if fully set forth herein.

63. At all relevant times Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

64. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay minimum wages in the lawful amount for all hours worked.

65. The corporate and individual Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at rates of not less than one and one-half times the minimum his regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

66. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times the minimum rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

67. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums for each day she worked more than ten (10) hours pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

68. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid wages, unpaid overtime wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

69. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "68" of this Complaint as if fully set forth herein.

70. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

71. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

72. Defendants did not provide Plaintiff, with an accurate written statement properly accounting for his actual hours worked, and setting forth his true hourly rate of pay, regular wages, and/or overtime wages.

73. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours Plaintiff worked, in order to avoid paying him for his full hours worked; and, overtime due.

74. Defendants disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

75. Plaintiff was not provided with wage statements as required by law.

76. A weekly accounting which Plaintiff was required to sign was false, inaccurate and misleading.

77. Defendants' failure to provide an accurate annual wage notice entitles Plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

78. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

79. As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiff may recover damages of one hundred dollars for each work week Defendants failed to provide Plaintiff with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

80. Defendants' failure to provide a weekly wage statement entitles Plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

81. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, and other similarly situated employees, respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages, minimum wages, and overtime due under the FLSA and New York Labor Law;

(b) An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(c) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of prejudgment and post-judgment interest;

(e) An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(f) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Dated: New York, New York
December 19, 2022

> Respectfully submitted,
>
> CILENTI & COOPER, PLLC
> **Counsel for Plaintiff**
> 60 East 42nd Street – 40th Floor
> New York, NY 10165
> Telephone (212) 209-3933
> Facsimile (212) 209-7102
> E-mail: pcooper@jcpclaw.com
>
> By: _____
> Peter Hans Cooper (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To: Demetria Chapman

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Yovanny Hidalgo intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Torti Food Corp., *doing business as* Mirador Restaurant, for all debts, wages and / or salaries due and owing to him as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       December 19, 2022

                              Respectfully submitted,

                              CILENTI & COOPER, PLLC
                              **Counsel for Plaintiff**
                              60 East 42nd Street – 40th Floor
                              New York, NY 10165
                              Telephone (212) 209-3933
                              Facsimile (212) 209-7102
                              E-mail: pcooper@jcpclaw.com

By: _____
            Peter Hans Cooper (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Yovanny Hidalgo_, am an employee currently or formerly employed by _Mirador Restaurant_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_December 15_, 2022