```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
    YOVANNY HIDALGO,                                        :
                                    Plaintiff,              :
                                                            :      22 Civ. 10668 (LGS)
                   -against-                                :
                                                            :              ORDER
    TORTI FOOD, CORP., et al.,                              :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, a trial was held on October 10 and 11, 2023. After the conclusion of testimony but prior to the jury charge, the parties entered into a stipulation to resolve the action.

WHEREAS, on November 1, 2023, Plaintiff and Defendants filed post-trial submissions regarding damages.

WHEREAS, the parties agree that judgment should be entered to Plaintiff for monetary damages in the amount of $5,600.00 in minimum wages for denial of the tip wage credit; $7,935.01 in overtime wages, based on a stipulated paid overtime wage of $16.00 per hour; and $3,300.00 in spread-of-hours wages.

WHEREAS, Defendants state that judgment should be entered to Plaintiff for prejudgment interest in the amount of "approximately $1,500.00." Plaintiff seeks $1,514.00 in prejudgment interest.

WHEREAS, Defendants do not consent to entry of judgment as to liquidated damages or attorneys' fees and costs. Plaintiff seeks $16,835.01 in liquidated damages and $57,593.52 in attorneys' fees and costs.

WHEREAS, under the Fair Labor Standards Act ("FLSA"), an employer who underpays an employee is liable "in the amount" of those unpaid wages and "in an additional equal amount

as liquidated damages." 29 U.S.C. § 216(b).  However, if the employer establishes that the violation "was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the original unpaid wage amount." *Rana v. Islam*, 887 F.3d 118, 122 (2d Cir. 2018).[1]  There are "no meaningful differences" between the liquidated damages provision of FLSA and the liquidated damages provision of the New York Labor Law ("NYLL").  *Id*. at 123; *accord Espinosa v. Abraham Refrigeration Corp*., No. 18 Civ. 8855, 2019 WL 2725539, at *7 (S.D.N.Y. July 1, 2019).

       WHEREAS, "[t]he burden necessary [for an employer] to avoid liquidated damages is a difficult one." *Ramirez v. Lin*, 830 F. App'x 672, 674 (2d Cir. 2020) (summary order).  "[D]ouble damages are the norm and single damages the exception." *Barfield v. N.Y.C. Health & Hosps. Corp*., 537 F.3d 132, 150 (2d Cir. 2008).  A defendant can demonstrate good faith by providing "plain and substantial evidence of at least an honest intention to ascertain what the [law] requires and to comply with it." *Reich v. S. New Eng. Telecomms. Corp*., 121 F.3d 58, 71 (2d Cir. 1997); *accord Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 655 (2d Cir. 2021) (summary order).  Defendants note that the individual Defendant "worked for years as a waitress before opening this restaurant."  They provide several bases to argue that Defendants acted in good faith: (1) that they hired an accountant to "ensure compliance with the law" and the accountant "simply miscalculated" overtime pay; (2) that they provided a tip wage notification which complied with some portions of the law; and (3) that they conceded the spread-of-hours claim because they were simply unaware of spread of hours.  These justifications are insufficient.  First, good faith is not shown through reliance on one's own experience in the restaurant

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

industry. *See, e.g.*, *Cuahua v. Tanaka Japanese Sushi Inc.*, No. 14 Civ. 4177, 2017 WL 4357980, at *6 (S.D.N.Y. Sept. 29, 2017) (determining good faith exception inapplicable where evidence suggested that defendant "simply relied on his experience in the restaurant industry that what he was doing was appropriate," which was "plainly insufficient"). In addition, the simple hiring of an accountant, partial compliance with a portion of applicable law or ignorance of the law, without more, is not sufficient to satisfy the high standard of good faith. *See, e.g.*, *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 316-17 (S.D.N.Y. 2011) (finding no demonstration of good faith even though vice president consulted with accountant); *Reich*, 121 F.3d at 71 ("Good faith . . . requires more than ignorance of the prevailing law . . . .").

WHEREAS, under FLSA and the NYLL, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). The Second Circuit has set forth six factors to determine whether attorneys' fees are reasonable: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000); *accord Michel v. Parts Auth., Inc.*, No. 15 Civ. 5730, 2019 WL 13225307, at *2 (E.D.N.Y. Aug. 26, 2019).

WHEREAS, a lodestar calculation demonstrates a presumptively reasonable fee in light of the quality of counsel, risks of litigation and the litigation's magnitude and complexity. *See Hui Luo v. L & S Acupuncture, P.C.*, 649 F. App'x 1, 2-3 (2d Cir. 2016) (summary order) (stating that the lodestar is the presumptively reasonable fee, particularly in fee-shifting cases, such as those under FLSA, where the financial recovery is likely to be small); *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("[T]he lodestar -- the product of a reasonable hourly

rate and the reasonable number of hours required by the case -- creates a presumptively reasonable fee."). Plaintiff submitted an invoice of legal services showing that counsel worked over one hundred hours for this case at an hourly rate of $400, with an assistant working several hours at an hourly rate of $100. An hourly rate of $400 is appropriate for Plaintiff's counsel. Plaintiff's counsel provided information regarding his litigation experience. Courts in this district have determined that similar hourly rates are appropriate for experienced litigators. *See, e.g.*, *Nikonov v. Flirt NY, Inc.*, No. 19 Civ. 07128, 2022 WL 1443429, at *4 (S.D.N.Y. May 6, 2022) (collecting cases). The hours worked multiplied by the reasonable hourly rate results in a lodestar amount of $54,440, which is the fee award requested here.

WHEREAS, consideration of the six factors does not warrant reducing the award from the lodestar, and further briefing on attorneys' fees, as Defendants request, also would not change the outcome here. The second and third factors weigh against Plaintiff because this case was a straightforward FLSA and NYLL action brought by a single plaintiff, without unusual risks. The fourth and fifth factors are neutral. The quality of representation by Plaintiff's counsel's does not weigh in favor of or against reducing the attorneys' fees award. In addition, while the requested fee outweighs the amount due to Plaintiff and while attorneys' fees in FLSA settlements often are approximately one-third of the total settlement amount, *see Martin v. F & M Scarsdale Pizza Corp*, No. 22 Civ. 6346, 2023 WL 6160567, at *5 (S.D.N.Y. Sept. 20, 2023) (collecting cases), the Second Circuit prohibits a proportionality limit on recoverable attorneys' fees in FLSA actions and has stated that "[i]n most FLSA cases, it does not make sense to limit fees to 33% of the total settlement," *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 603 (2d Cir. 2020). Finally, the first and sixth factors weigh in favor of Plaintiff. This case differs from many FLSA settlements because it continued for nearly two years and through two days of trial before the

parties entered into a stipulation to resolve the action.  *Cf. Nikonov*, 2022 WL 1443429, at *4 (reducing hours from amount shown in billing records to reasonable amount because counsel was involved for fewer than four months following the completion of discovery).  Public policy considerations also weigh against reducing the award.  The Second Circuit has stated that "[f]ee awards in wage and hour cases should encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel. . . .  FLSA cases often involve ordinary, everyday workers who are paid hourly wages and favorable outcomes frequently result in limited recoveries. . . .  If plaintiffs' attorneys in these so-called run of the mill FLSA actions are limited to a proportional fee of their client's recovery . . . , no rational attorney would take on these cases unless she were doing so essentially pro bono.  Without fee-shifting provisions providing compensation for counsel, employees . . . would be left with little legal recourse." *Fisher*, 948 F.3d at 603-04.  While Defendants argue that no plaintiff would be willing to pay $54,440 in attorneys' fees to obtain a lower amount in recovery, the Second Circuit rejected that argument in *Fisher*, observing that "the whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery." *Id.* at 604 (emphasis in original).

WHEREAS, an award of costs "normally includes those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Fisher*, 948 F.3d at 600.  Plaintiff has submitted an invoice of costs, totaling $3,153.52, which include reasonable expenses such as the cost of an interpreter during trial.  It is hereby

**ORDERED** that the award is **APPROVED** as fair and reasonable based on the nature and scope of Plaintiff's claims and the risks and expenses involved in additional litigation.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-07 (2d Cir. 2015); *Wolinsky v.*

*Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (outlining the factors that district courts have used to determine whether a proposed settlement is fair and reasonable).  The Clerk of Court is respectfully directed to enter a judgment in favor of Plaintiff and against Defendants in the amount of $92,777.54, consisting of:

- $5,600.00 for minimum wages
- $7,935.01 for overtime wages
- $3,300.00 for spread-of-hours wages
- $1,514.00 for prejudgment interest
- $16,835.01 in liquidated damages
- $54,440.00 in attorneys' fees
- $3,153.52 in costs

The payment of attorneys' fees, but not costs, shall be delayed until the amounts owed to Plaintiff are distributed.  Upon entry of Judgment against Defendants, the Clerk of Court is respectfully directed to close this case.

Dated: March 13, 2024
       New York, New York

                                        _____
                                            LORNA G. SCHOFIELD
                                        UNITED STATES DISTRICT JUDGE

6